UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Judge Berman**

-----------------------------------------------------------------x

NATHANIEL BARRETT,

**07 CIV 3826**

**ECF CASE**

Plaintiff,

**COMPLAINT**

-against-

THE CITY OF NEW YORK, POLICE OFFICER OMAR
R. BOSTIC (Shield 00900), POLICE OFFICER SELWYN
M. FONROSE (Shield 26957) and POLICE OFFICERS
JOHN DOES 1-4,

Jury Trial Demanded

Defendants.

-----------------------------------------------------------------x

RECEIVED
MAY 16 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the

violation of his rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments

to the United States Constitution.  This case arises from a February 16, 2006 incident in which

members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest

and fabricated evidence and a June 27, 2006 incident in which members of the NYPD subjected

plaintiff to false arrest, excessive force, fabricated evidence, and malicious prosecution.  Plaintiff

seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys'

fees, and such other and further relief as the court deems just and proper.

## II. JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and

Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this

Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because

defendant CITY OF NEW YORK is subject to personal jurisdiction in the Southern District of

New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New

York's deliberate indifference to plaintiff's rights under federal law took place in this district,

specifically at NYPD Headquarters located at One Police Plaza.

### III.  PARTIES

4.    Plaintiff is a resident of the State of New York.

5.    The City of New York is a municipal corporation organized under the

laws of the State of New York.

6.    Police Officer OMAR R. BOSTIC is a member of the NYPD who was

involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on February 16,

2006.  Bostic is sued in his individual capacity.

7.    Police Officer JOHN DOE 1 is a member of the NYPD who was involved

in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on February 16, 2006.

John Doe 1 is sued in his individual capacity.

8.    Police Officer SELWYN M. FONROSE is a member of the NYPD who

was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on June 27,

2006.  Fonrose is sued in his individual capacity.

9.    Police Officers JOHN DOES 2, 3 and 4 are members of the NYPD who

were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on June 27,

2006.  John Does 2, 3 and 4 are sued in their individual capacities.

2

## IV. STATEMENT OF FACTS

10.    On February 16, 2006, while at all times acting in a lawful manner, plaintiff entered the building of 618 East 21st Street, Brooklyn, New York.

11.    On February 16, 2006, plaintiff was a resident of 618 East 21st Street.

12.    On February 16, 2006 plaintiff observed a juvenile sitting on a step in the hallway of 618 East 21st Street.

13.    On February 16, 2006 plaintiff merely acknowledged the juvenile by saying, "What's up?"

14.    On February 16, 2006, Officers OMAR R. BOSTIC and JOHN DOE 1 approached plaintiff in the hallway of 618 East 21st Street and arrested plaintiff without cause.

15.    On February 16, 2006 the officers took plaintiff to the 70th Precinct for arrest processing and thereafter to Central Booking for arraignment.

16.    While plaintiff was incarcerated in Central Booking, one or more of the officers sued herein maliciously conveyed false information to prosecutors in an effort to have plaintiff prosecuted.

17.    Thereafter plaintiff was arraigned in Criminal Court on charges of Unlawful Possession of Marihuana, Criminal Possession of Marihuana in the Fifth Degree, and Endangering the Welfare of a Child.

18.    On May 31, 2006 the false charges filed against plaintiff were adjourned in contemplation of dismissal.

19.    As a result of defendants' actions, plaintiff experienced loss of liberty, emotional distress, fear, embarrassment, humiliation, discomfort, and damage to reputation.

20.    On June 27, 2006 plaintiff was riding a bike on East 22nd Street in Brooklyn, New York when officers of the NYPD ordered plaintiff to stop and dismount his bicycle.

21.    On June 27, 2006 plaintiff was engaged in lawful activity at all times.

22.    On June 27, 2006 two NYPD officers exited a police van, grabbed plaintiff from his bicycle, threw plaintiff against the police van, slammed plaintiff's head against the police van, ordered plaintiff to place his hands on the police van, pulled plaintiff's pants down to the ankles, and while plaintiff stood in his boxer shorts, searched plaintiff about his body.

23.    At least two other NYPD officers, who did not make physical contact with plaintiff during the assault on plaintiff, watched the assault take place but failed to intervene or take remedial action.

24.    At the conclusion of the assault on plaintiff, the officers handcuffed plaintiff excessively tight and took plaintiff to the 67th Precinct for arrest processing.

25.    Thereafter plaintiff was brought to Central Booking to await arraignment.

26.    While plaintiff was incarcerated in Central Booking, defendant OFFICER SELWYN M. FONROSE maliciously conveyed false information to prosecutors in an effort to have plaintiff prosecuted.

27.    Thereafter plaintiff was arraigned in Criminal Court and maliciously prosecuted for Criminal Sale of a Controlled Substance in the Third Degree and various other related charges.

28.    On September 26, 2006 the false charges filed against plaintiff were dismissed.

4

29. As a result of defendants' actions, plaintiff experienced pain and physical injuries to his face, head, body, and wrists, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, and damage to reputation.

## V. FEDERAL CLAIMS AGAINST OMAR R. BOSTIC AND JOHN DOE 1

30. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-29 as if fully set forth herein.

31. The conduct of POLICE OFFICER OMAR R. BOSTIC and POLICE OFFICER JOHN DOE 1, as described herein, amounted to false arrest and fabricated evidence. Defendants violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

32. Defendants POLICE OFFICER OMAR R. BOSTIC and POLICE OFFICER JOHN DOE 1 had no justification for arresting plaintiff and no probable or legal cause or excuse to detain and seize plaintiff.

## VI. FEDERAL CLAIMS AGAINST SELWYN M. FONROSE AND JOHN DOES 2-3

33. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-32 as if fully set forth herein.

34. The conduct of OFFICER SELWYN M. FONROSE and POLICE OFFICERS JOHN DOES 2-4, as described herein, amounted to false arrest, excessive force, and fabricated evidence and malicious prosecution. Defendants violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

35.    Defendants POLICE OFFICER SELWYN M. FONROSE and POLICE OFFICERS JOHN DOES 2-4 had no justification for arresting plaintiff and no probable or legal cause or excuse to detain and seize plaintiff.

36.    Defendants POLICE OFFICER SELWYN M. FONROSE and POLICE OFFICER JOHN DOES 2-4 had no legal cause or reason to use excessive force in effectuating plaintiff's arrest.

37.    Defendants POLICE OFFICER SELWYN M. FONROSE and POLICE OFFICERS JOHN DOES 2-4 with malicious intent, arrested plaintiff and initiated a criminal proceeding against plaintiff despite the knowledge that plaintiff had committed no crime.

## VII.  FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK

38.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-37 as if fully set forth herein.

39.    Defendant, THE CITY OF NEW YORK, directly caused the constitutional violations suffered by plaintiff.

40.    Upon information and belief, THE CITY OF NEW YORK, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the CITY, and from the CITY's own observations, that the individual defendants are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein.

41.    Defendant THE CITY OF NEW YORK exercised deliberate indifference by failing to take remedial action.  THE CITY OF NEW YORK failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.

Moreover, THE CITY OF NEW YORK failed to adequately investigate prior complaints against the officers.

42.     Upon information and belief, defendant THE CITY OF NEW YORK had a policy and/or custom of arresting and detaining individuals despite the lack of probable cause.

43.     The aforesaid conduct by THE CITY OF NEW YORK violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Costs, interest and attorney's fees;

d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     May 15, 2007
            Brooklyn, New York

IZABEL OLSZOWA GARCIA (IG 2844)
Attorney for Plaintiff
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 855-483