UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NATHANIEL BARRETT,

                              Plaintiff,

   - against -

THE CITY OF NEW YORK, POLICE OFFICER OMAR
R. BOSTIC (Shield 00900), POLICE OFFICER SELWYN
FONROSE (Shield 26957) and POLICE OFFICERS
JOHN DOES 1-4,

                              Defendants.

**ANSWER**

07 CV 3826 (RMB)

Jury Trial Demanded

------------------------------------------------------------------------ x

       Defendants the City of New York, Police Officer Omar Bostic, and Detective Sewlyn Fonrose, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

       1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

       2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

       3.    Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

       4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that the City of New York is a municipal corporation that maintains a police department.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Omar R. Bostic is employed as a Police Officer with the New York City Police Department, that Officer Bostic was the arresting officer in plaintiff's arrest on or about February 16, 2006, and that plaintiff purports to sue him as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Selwyn Fonrose is employed as a Detective with the New York City Police Department, that Detective Fonrose was the arresting officer in plaintiff's arrest on or about June 27, 2006, and that plaintiff purports to sue him as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15.  Deny the allegations set forth in paragraph "15" of the Complaint, except admit that following his arrest on or about February 16, 2006, plaintiff was transported to the 70th precinct.

16.  Deny the allegations set forth in paragraph "16" of the Complaint.

17.  Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff was charged with Unlawful Possession of Marihuana, Criminal Possession of Marihuana in the Fifth Degree and Endangering the Welfare of a Child.

18.  Deny the allegations set forth in paragraph "10" of the Complaint, except admit that on or about May 31, 2006 plaintiff accepted an Adjournment in Contemplation of Dismissal in the February 16, 2006 underlying criminal case.

19.  Deny the allegations set forth in paragraph "19" of the Complaint.

20.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21.  Deny the allegations set forth in paragraph "21" of the Complaint.

22.  Deny the allegations set forth in paragraph "22" of the Complaint.

23.  Deny the allegations set forth in paragraph "23" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding unidentified police officers.

24.  Deny the allegations set forth in paragraph "23" of the Complaint, except admit plaintiff was arrested on or about June 27, 2006 and was transported to the 67th precinct.

25.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.  Deny the allegations set forth in paragraph "26" of the Complaint.

27.  Deny the allegations set forth in paragraph "27" of the Complaint, except admit that plaintiff was charged with Criminal Possession of a Controlled Substance in the Seventh Degree, Criminal Possession of a Controlled Substance in the Third Degree and Criminal Sale of a Controlled Substance in the Third Degree.

28.  Deny the allegations set forth in paragraph "28" of the Complaint, except admit that on or about September 26, 2006, the plaintiff's underlying criminal case related to his June 27, 2006 arrest was dismissed.

29.  Deny the allegations set forth in paragraph "29" of the Complaint.

30.  In response to the allegations set forth in paragraph "30" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-29" inclusive of this Answer, as if fully set forth herein.

31.  Deny the allegations set forth in paragraph "31" of the Complaint.

32.  Deny the allegations set forth in paragraph "32" of the Complaint.

33.  In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-32" inclusive of this Answer, as if fully set forth herein.

34.  Deny the allegations set forth in paragraph "34" of the Complaint.

35.  Deny the allegations set forth in paragraph "35" of the Complaint.

36.  Deny the allegations set forth in paragraph "36" of the Complaint.

37.  Deny the allegations set forth in paragraph "37" of the Complaint.

38.  In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-37" inclusive of this Answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

44. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

45. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

46. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of any defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

47. This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

48. There was probable cause for plaintiff's arrests, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

49. Police Officer Bostic and Detective Fonrose have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

50.  Plaintiff provoked any incident.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

51.  Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

52.  At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

53.  The officers; conduct was justified.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

54.  To the extent plaintiff asserts state law claims, he has failed to comply with New York General Municipal Law § 50-e.

**WHEREFORE**, defendants the City of New York, Police Officer Omar Bostic, and Detective Sewlyn Fonrose request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            August 6, 2007

                                       MICHAEL A. CARDOZO
                                       Corporation Counsel of the
                                       City of New York
                                       Attorney for Defendants City of New York, Police
                                       Officer Omar Bostic and Detective Fonrose
                                       100 Church Street
                                       New York, New York 10007
                                       (212) 788-0976

By:    _____
            Johana Castro (JC 1809)
            Assistant Corporation Counsel
            Special Federal Litigation Division


To:    <u>By ECF</u>
       Izabel Garcia, Esq.
       Attorney for Plaintiff
       26 Court Street, Suite 1815
       Brooklyn, NY 11242

07 CV 3826 (RMB)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHANIEL BARRETT,

                                                         Plaintiff,

- against -

THE CITY OF NEW YORK, POLICE OFFICER OMAR R. BOSTIC (Shield 00900), POLICE OFFICER SELWYN FONROSE (Shield 26957) and POLICE OFFICERS JOHN DOES 1-4,

                                                   Defendants.

---

**ANSWER**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City of New York,*
   *Police Officer Omar Bostic and*
   *Detective Fonrose*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Johana Castro*
*Tel: (212) 788-0976*
*NYCLIS No.2007-016276*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................................, 200..*

*.................................................................. Esq.*

*Attorney for ..................................................................*